UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANGELA HENNING,<br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY<br>OF NORTH AMERICA,<br>CIGNA CORPORATION,<br>and CHICAGO BRIDGE & IRON, N.V.,<br>    Defendants. | CASE No. 3:15-cv-81-RLY-WGH |

## COMPLAINT

Comes now the Plaintiff, Angela Henning, by counsel, and for her Complaint against Defendants herein, states as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff, Angela Henning ("Angela") is the widow of Robert Henning, deceased on June 21, 2014 ("Robert").

2. Angela is, and was at all relevant times, a resident of Perry County, Indiana.

3. Defendant Life Insurance Company of North America ("LICNA") is a subsidiary of Cigna Corporation ("Cigna") and was at all relevant times a corporation existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Philadelphia, Pennsylvania.

4. Defendant Cigna was at all relevant times a Delaware Corporation with a principal place of business located in Philadelphia, Pennsylvania.

5. Defendant Chicago Bridge & Iron, N.V. ("CB&I") is a Netherlands corporation with headquarters located in The Hague, Netherlands and a worldwide administrative office located in The Woodlands, Texas.

6. At all relevant times leading to and including the date of his death, Robert was an employee of CB&I.

7. As part of the terms and provisions of his employment, Robert was provided and permitted to participate in insurance programs, including but not limited to life and health insurance.

8. Prior to January 1, 2014, Robert attended a meeting sponsored and led by CB&I addressing insurance benefits provided by CB&I that would be effective January 1, 2014.

9. At the benefits meeting, Robert was informed he was eligible to enroll in a base life insurance plan providing $57,000.00 of coverage, the premium for which would be paid by CB&I (the "Basic Life Policy").

10. At the benefits meeting, Robert was also informed he was eligible to enroll in an optional life insurance plan providing $113,000.00 of coverage, the premium for which Robert would be required to pay (the "Optional Life Policy").

11. At the benefits meeting, Robert was also informed he was eligible to enroll in CB&I's health insurance plan.

12. At no point was Robert informed he was not eligible for any coverage or that his coverage would be restricted beyond the amounts listed above.

13. Following the benefits meeting, Robert successfully enrolled in the Medical, Basic Life, and Optional Life insurance plans, among others, on January 1, 2014. A true and accurate copy of Robert's enrollment, including a confirmation number, is attached hereto as Exhibit 1.

14. In the enrollment confirmation, Angela was designated as the beneficiary on the Basic Life Policy and Optional Life Policy.

15. Following enrollment, Robert paid all required premiums for the Optional Life Policy.

16. At no point was Robert provided with copies of the Basic Life Policy or the Optional Life Policy.

17. Following Robert's death, Angela received correspondence from CB&I on June 24, 2014 identifying coverage the amounts of "$57,000 Basic" and "$113,000 Employee Optional Term Life Insurance" and requesting Angela complete a Cigna Group Claim Form and submit a copy of Robert's death certificate "[i]n order to process the life insurance benefit."

18. Angela submitted all required information to CB&I following its request.

19. In CB&I's June 24, 2014 letter to Angela, it identified "Cigna Group Insurance" as the life insurance carrier.

20. The issuer of the Basic Life Policy and Optional Life Policy was, in actuality, LICNA.

21. LICNA's insurance benefits are administered by Cigna.

22. On July 16, 2014, Cigna sent a letter addressed to Robert, who was deceased by this time, claiming Robert's insurance eligibility had changed, identifying the Basic Life Policy under Policy Number FLX980309 in the coverage amount of $57,000.00, identifying the Optional Life Policy under Policy Number FLX980310 in the coverage amount of $113,000.00, and providing instructions for Robert to convert his policy to an individual plan. A true and accurate copy of this letter is attached as Exhibit 2.

23. A true and accurate copy of the Basic Life Policy, Policy Number FLX980309, is attached hereto as Exhibit 3.

24. A true and accurate copy of the Optional Life Policy, Policy Number FLX980310, is attached hereto as Exhibit 4.

25. Following Angela's claim for benefits under the Basic Life Policy and the Optional Life Policy, Cigna denied Angela's claim under the Optional Life Policy on August 21, 2014.

26. Following Cigna's denial under the Optional Life Policy, Angela appealed the denial on September 3, 2014.

27. On October 7, 2014, Cigna sent the Indiana Department of Insurance a letter addressing the Optional Life Policy and stating Robert was "not eligible for benefits" and his coverage never went into effect.

28. On October 17, 2014, Cigna contacted Angela to inform her that a decision on her appeal had not been made. That letter indicated Cigna's expectation to make a decision within thirty (30) days.

29. On November 10, 2014, counsel for Angela placed CB&I on notice of Angela's claim and requested confirmation of receipt of the letter from CB&I.

30. On January 2, 2015, Cigna again contacted Angela and stated a decision has still not been made on her appeal.

31. On January 29, 2015, Cigna denied Angela's appeal on LICNA's behalf. Cigna indicated Robert was only eligible for $15,000 of coverage under the Basic Life Policy, and was not eligible for any coverage under the Optional Life Policy. A true and accurate copy of that letter is attached as Exhibit 5 hereto.

32. On March 23, 2015, counsel for Angela contacted CB&I and requested contact by CB&I to discuss Angela's claim.

33. On March 23, 2015, Angela appealed Cigna's denial.

34. On April 8, 2015, Cigna again denied Angela's appeal.

35. CB&I has not responded to any of Angela's requests for contact to discuss her claim.

## JURISDICTION AND VENUE

36. Jurisdiction is appropriate under 28 USCA § 1332 based upon diversity of citizenship, as Plaintiff is a citizen of Indiana and all Defendants are citizens of a different State or a foreign state, and the amount in controversy exceeds $75,000.00.

37. Venue is appropriate in the Southern District of Indiana, Evansville Division, as Plaintiff is a resident of Perry County, Indiana at Robert Henning, while alive and when issued policies of insurance by LICNA, was employed by CB&I and worked in Perry County, Indiana.

## COUNT I – BREACH OF CONTRACT

38. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-37 herein.

39. LICNA's failure to pay to Angela the sums of $57,000.00 under the Basic Life Policy and $113,000.00 under the Optional Life Policy constitute a breach of contract.

40. CB&I's failure to pay the sums of $57,000.00 and $113,000.00 to Angela constitute a breach of its contract with Robert to provide insurance benefits.

41. Robert met all conditions or requirements to be covered for the amounts set forth above.

42. Plaintiff has not excused Defendants' breaches of contract.

43. Plaintiff has been damaged as result of Defendants' breaches.

## COUNT II – PROMISSORY ESTOPPEL

44. Plaintiff realleges and incorporates by references the allegations set forth in paragraphs 1-43 above.

45. Defendants, or any of them, represented to Robert that he was eligible, enrolled, and covered under the Basic Life Policy in the amount of $57,000.00 and the Optional Life Policy in the amount of $113,000.00.

46. Defendants, or any of them, invoiced and accepted premium payments from Robert throughout 2014 without any notice that Robert's coverage was different than as represented.

47. After Robert's death, Defendants represented coverage existed in the amounts of $57,000.00 and $113,000.00.

48. Defendants' representations were made with an expectation that Robert and Plaintiff would rely upon them.

49. Defendants' representations were of a definite and substantial nature.

50. Robert and Plaintiff reasonably relied upon Defendants' representations.

51. Injustice can only be avoided by enforcing Defendants' representations and awarding Angela the total sums of $57,000.00 and $113,000.00.

## COUNT III – ERISA

52. Plaintiff realleges and incorporates by references the allegations set forth in paragraphs 1-51 above.

53. Defendants, or any of them, were fiduciaries in respect to the Basic Life Policy and Optional Life Policy under the Employee Retirement Income Security Act ("ERISA"), 29 USC § 1001 *et seq.*

54. Defendants, or any of them, breached their duties under ERISA to Robert and/or Angela.

55. Plaintiff has been damaged by Defendants' breaches.

56. Plaintiff is entitled to recover reasonable attorney fees and costs in pursing her claims. 29 USC §1132.

## COUNT IV – BAD FAITH

57. Plaintiff realleges and incorporates by references the allegations set forth in paragraphs 1-56 above.

58. LICNA and Cigna owed Angela, as the beneficiary under Robert's policies and as Robert's widow, a duty of good faith and fair dealing.

59. LICNA and Cigna breached their duty to Angela in corresponding with her, failing to correspond with her or act in a timely fashion, and making an unfounded refusal to pay the required proceeds under the Basic Life Policy and Optional Life Policy.

60. Angela has been damaged as a result of LICNA and Cigna's breaches.

WHEREFORE, the Plaintiff, Angela Henning, requests judgment in her favor and against Defendants, and each of them, for compensatory damages, costs, attorney fees, and all other just and proper relief in the premises.

## JURY DEMAND

The Plaintiff requests this matter be tried to a jury pursuant to Federal Rule of Civil Procedure 38.

TERRELL, BAUGH, SALMON & BORN, LLP


By: s/ Max E. Fiester
Max E. Fiester, # 23566-29
700 South Green River Road, Suite 2000
Evansville, Indiana 47715
Telephone: (812) 479-8721
Fax: (812) 474-6059
E-mail: mfiester@tbsblaw.com
Attorney for Plaintiff